**RAIN AND HAIL INSURANCE SERVICE, INC., Appellant,**

v.

**Paul CASPER, Columbia Mutual Casualty Insurance, Dardof, Incorporated, Appellees.**

No. 89–1837.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1990.

Decided May 9, 1990.

Randy R. Ewing, Council Bluffs, Iowa, for appellant.

J. Russell Derr, Omaha, Neb., for appellees.

Before JOHN R. GIBSON, WOLLMAN, and MAGILL, Circuit Judges.

WOLLMAN, Circuit Judge.

Rain and Hail Insurance Service, Inc. (Rain & Hail) appeals the district court's[1] refusal to enforce a contractual non-com-

pete clause against Paul Casper, a former Rain & Hail employee. We affirm.

Casper's employment agreement with Rain & Hail provided:

> [I]f you resign your employment with Rain and Hail Insurance Service, Inc. you agree by signing below that you will not, for a period of two years from the date of resignation, engage within your assigned territory in the marketing and servicing of any insurance lines presently represented by Rain and Hail Insurance Service, Inc. for any competitive corporation, company or firm.

Although the parties entered into the agreement in Nebraska, they agreed that the laws of the state of Iowa would apply to the agreement.

Casper resigned from Rain & Hail in November 1988. He began employment with Columbia Mutual Casualty Insurance as manager of the crop insurance division in a geographical area that overlapped the area he had worked in while employed by Rain & Hail. Rain & Hail sought preliminary injunctive relief, claiming that Casper's new employment violated the non-compete clause and would cause Rain & Hail irreparable injury.

The district court denied Rain & Hail equitable relief, finding it unlikely that Rain & Hail would succeed on the merits. Although Nebraska law generally allows parties to choose which jurisdiction's law will apply in a contract dispute (here Iowa law), the court nevertheless applied Nebraska law, reasoning that application of Iowa law would be contrary to a fundamental policy of Nebraska. Under Nebraska law, contracts in restraint of trade must be no greater than reasonably necessary to protect the employer in some legitimate interest. *Polly v. Ray D. Hilderman & Co.*, 225 Neb. 662, 407 N.W.2d 751, 754 (1987). The district court found the restrictions of the non-compete clause overbroad because the identity of customers is not a trade secret and Rain & Hail's agreements with the customers are not exclusive. The

---

1. The Honorable Lyle Strom, Chief Judge, United States District Court for the District of Nebraska.

district court also found the restriction unduly harsh and oppressive to Casper because the agreement was essentially a prerequisite to obtaining the job with Rain & Hail and because Casper had no training in other fields and needed employment.

On appeal, Rain & Hail contends that the district court erred in applying Nebraska law. Although the tests Iowa and Nebraska apply in determining whether a restrictive covenant is enforceable are essentially the same, Rain & Hail contends that application of Iowa law would have made a difference because Iowa case law allows for modification of an overly restrictive trade covenant to allow for partial enforcement. Additionally, Rain & Hail contends that the district court erred in finding that the contract was an excessive restraint of trade, in view of the Nebraska Supreme Court's enforcement of contractual non-compete clauses.

We conclude that the district court's memorandum opinion thoroughly addressed the issues. The district court's factual findings are not clearly erroneous, and we find no error in the district court's analysis of the legal issues. Accordingly, we affirm on the basis of the district court's opinion. *See* 8th Cir. Rule 47B.